## Philadelphia to use, Appellant, *v.* Pemberton.

*Appeals—Practice—Supreme Court—Interlocutory order—Scire facias sur municipal claim—Act of June 4, 1901, P. L. 364.*

Where in a proceeding on a scire facias sur municipal claim under the Act of June 4, 1901, P. L. 364, an affidavit of defense is filed and the plaintiff files a replication to it, in pursuance of a rule, and the defendant then moves for judgment on the whole record, which motion the court dismisses, the order dismissing the motion is interlocutory and no appeal lies from it.

Argued March 25, 1903. Appeal, No. 28, Jan. T., 1903, by defendant, from order of C. P. No. 1, Phila. Co., M. L. D. No. 811, dismissing motion for judgment, in case of City of Philadelphia to use of Vulcanite Paving Company v. Clifford Pemberton, Jr., and Frank Mauran. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Appeal quashed.

Motion to quash appeal.

*M. Hampton Todd*, with him *E. O. Michener* and *John G. Johnson*, for the motion.—The order of the court was interlocutory and no appeal lies : Carter v. Caldwell, 147 Pa. 370; Keemer v. Herr, 12 W. N. C. 90; Phila. v. Christman, 6 Pa. Superior Ct. 29.

*Thomas Ridgway*, with him *John J. Ridgway*, contra.

OPINION BY MR. JUSTICE BROWN, May 4, 1903 :

This is a scire facias under the Act of June 4, 1901, P. L. 364, to enforce payment of a municipal claim. To it an affidavit of defense was filed. The nineteenth section of the act provides : " If an affidavit of defense be filed, a rule may be taken for judgment for want of a sufficient affidavit of defense, or for so much of the claim as is insufficiently denied, with leave to proceed for the residue. The defendant may, by rule, require the plaintiff to reply, under oath or affirmation, to the statements set forth in the affidavit of defense, and after the replication has been filed may move for judgment on the whole record." In pursuance of a rule taken, the plaintiff filed a replication to the affidavit of defense, and the defendants then

moved for judgment on the whole record. This motion was dismissed by the court, and the present appeal taken, the errors assigned being the dismissal of the defendants' motion for judgment and the failure to enter judgment for them on the whole record.

There was no final judgment in the court below, and this appeal must be quashed. The appellants ask us to dismiss the motion to quash, because, by the fortieth section of the act, an appeal lies "from any definitive judgment, order or decree, entered by the court of common pleas under any of the provisions" of the act. In different sections of the act the courts of common pleas are authorized to enter definitive judgments, orders or decrees, and from them an appeal lies under the section quoted. In this case the court withheld its judgment. It did nothing. It entered no judgment, nor did it make an order or decree that could be enforced against either of the parties to the proceeding. After the motion was dismissed the record stood just as it was before the motion was made. With a replication filed to an affidavit of defense, a defendant may move for judgment on the whole record, and if, from an inspection of the same, it is clear what the judgment ought to be, the court may enter it; but, even in such a case, there is no requirement in the act that it must be entered. Whether in this case it is evident what the judgment of the court below should have been on the whole record, or whether any could have been entered on the same, we do not decide, for we have not examined the record. We pass now only on the motion to quash the appeal. The order of the court dismissing the motion for judgment settled nothing at all finally, but was purely intermediate, from which there is no appeal, in the absence of a statutory provision giving it.

Appeal quashed.